E-FILED
Monday, 23 September, 2013  02:04:15 PM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

_____

| | |
|---|---|
| **DARNELL BURRIES,** ) | |
| ) | |
| **Petitioner,** ) | |
| **v.** ) | **Case No. 12-CV-2212** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

### OPINION

Petitioner, Darnell Burries, filed this Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255 (#1) on August 13, 2012.  The government filed its Response (#4) on October 3, 2012.  Fort the following reasons, Petitioner's Petition (#1) is dismissed.

BACKGROUND

On July 1, 2008, Petitioner was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in Case No. 08-CR-20034.  On April 15, 2009, Petitioner appeared before Magistrate Judge David G. Bernthal and entered a plea of guilty to the count contained in the indictment.  The plea agreement contained the following relevant provisions:

"ELEMENTS OF THE CHARGE

4.      The defendant has personally read the indictment and the charge to which the defendant is pleading guilty.  The indictment and the charge have been explained to the defendant by the defendant's attorney.  Furthermore, the defendant fully understands the nature and elements of the crime(s) to which the defendant is pleading guilty.

***

<u>STATUS AS AN ARMED CAREER CRIMINAL</u>

24.    Based upon the information currently known by the parties, the defendant qualifies as an Armed Career Criminal under 18 U.S.C. § 924(e).  Further, based upon the information currently known by the parties, the estimated Sentencing Guideline imprisonment range of the defendant is below the statutory, mandatory minimum fifteen year sentence (180 months) he faces as an Armed Career Criminal.  Thus, the parties believe the defendant's Sentencing Guideline range will become 15 years (180 months), the statutory, mandatory minimum sentence.

<u>WAIVER OF RIGHT TO COLLATERAL ATTACK</u>

30.    The defendant also understands that he has a right to attack his sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, he received ineffective assistance from his attorney, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack.  The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255.  The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him.  The defendant's attorney has fully discussed and explained this waiver with the defendant but has made no recommendation to the defendant as to the waiver of a motion under Title 28, United States Code, Section 2255.  The defendant specifically acknowledges that the decision to waive the right to challenge any

later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right.

31.     Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.  The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction. (Emphasis added.)

## ACKNOWLEDGMENT OF VOLUNTARINESS OF WAIVER

32.     The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else.  The defendant is waiving those rights because he personally believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United

3

States in this agreement.  The defendant understands the United States is unwilling to make some of those concessions unless he is willing to waive his rights to appeal or collaterally attack his sentence as part of the bargain.  The defendant asks the Court to accept this waiver so he can receive the full benefit of this agreement.  (Emphasis in original.)

\*\*\*

40.  Defendant

I have read this entire Plea Agreement carefully and have discussed it fully with my attorney, John C. Taylor.  I fully understand this agreement and accept and agree to it without reservation, including the paragraphs labeled "Waiver of Right to Appeal" and "Waiver of Right to Collateral Attack."

I am entering into this agreement voluntarily and of my own free will in order to gain the benefit of the promises made by the United States.  I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this agreement about my criminal conduct are true.  No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, express or implied, to influence me to plead guilty other than those stated in the written plea agreement nor am I under the influence of anything that could impede my ability to understand fully this Plea Agreement.  I am satisfied with the legal services provided by my attorney in connection with this case, this Plea Agreement and matters related to it.  I further

understand that by signing below I am stating I agree with everything stated in this section of the Plea Agreement and I am accepting and entering into this Plea Agreement in [its] entirety.

I hereby reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement."

Petitioner signed the written plea agreement on April 15, 2009.  Following the guilty plea hearing held on April 15, 2009, Magistrate Judge David G. Bernthal found Petitioner competent to enter the plea and also found that the plea was knowing and voluntary.  On May 5, 2009, this court approved Judge Bernthal's Report and Recommendation and accepted Petitioner's plea of guilty.  On July 24, 2009, a sentencing hearing was held.  This court sentenced Petitioner to a term of 180 months in the Federal Bureau of Prisons.  Included as part of the judgment was an addendum added by Petitioner's attorney that Petitioner had no objection to the Presentence Report.

Petitioner filed this Petition (#1) on August 13, 2012.  Petitioner argues that court decisions since his sentencing have changed the definition of "felony" so that the underlying crimes that qualified him as an armed career criminal in 2009 would not, in 2013, qualify him for such a designation.  The government filed its Response (#4) on October 3, 2012, arguing that Petitioner waived his right to a collateral attack in his plea agreement and that any collateral attack was untimely.  No further filings have been made in this case.

ANALYSIS

5

Following careful review of Petitioner's filings and the government's arguments, this court agrees with the government that Petitioner has waived his right to file a petition under § 2255.

The Seventh Circuit has stated that it strictly enforces waivers of the right to challenge a sentence included in the plea agreement.  See United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005); see also United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005).  In the Seventh Circuit, a defendant who, as part of a written plea agreement, expressly waives the right to file a § 2255 petition challenging his sentence may only file such a petition if he can demonstrate that the § 2255 waiver was either unknowing or involuntary or the result of the ineffective assistance of counsel.  Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999); Williams v. United States, 2010 WL 1327442, at *4 (C.D. Ill. 2010).  "[T]he right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver."  Jones, 167 F.3d at 1145; see also Williams, 2010 WL 1327442, at *4; Reed v. United States, 2005 WL 1528371, at *2 (N.D. Ind. 2005).

Here, Petitioner has made no argument that the § 2255 waiver was either unknowing or involuntary or the result of ineffective assistance of counsel.  He merely argues that subsequent developments in case law redefined "felony" in such a way that he would not be qualified as an armed career criminal in 2013.  Petitioner has not provided any support or argument as to why his qualifying offenses would not satisfy armed career criminal status in 2013.  The plea agreement thoroughly explained waiver of a § 2255 collateral attack and

6

what rights Petitioner was giving up in signing the agreement.  Petitioner signed the agreement acknowledging his waiver of those rights and that he was entering into the agreement knowingly, intelligently, and voluntarily.

Accordingly, this court concludes that Petitioner's Motion under § 2255 is barred by his waiver.  This court notes that the Seventh Circuit has stated that "[w]e have never been reluctant to hold criminal defendants to their promises."  Roberts v. United States, 429 F.3d 723, 724 (7th Cir. 2005).  Here, as in Roberts, "[t]here is no question that [Petitioner's] waiver encompasses the claims presented in the § 2255 motion."  See Roberts, 429 F.3d at 724.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also Jimenez v. Quarterman, 555 U.S. 113, 119 n.3 (2009).  This court concludes that jurists of reason would not find it debatable whether Petitioner's petition states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found that the petition is barred by Petitioner's clear waiver included in the written plea agreement.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

Sentence (#1) is dismissed with prejudice as it is barred by Petitioner's waiver.

(2) A Certificate of Appealability is DENIED.

(3) This case is terminated.

ENTERED this 23rd day of September, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE